BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION JAN 29 1973

IN RE NATIONAL STUDENT        )
MARKETING LITIGATION          )        DOCKET NO. 105

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM*,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH
S. LORD, III*, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

      Peat, Marwick, Mitchell & Co. ("Peat, Marwick"
hereinafter) moves to have six private damage actions under
the federal securities laws involving National Student
Marketing Corp. transferred to the Southern District of New
York for coordinated or consolidated pretrial proceedings.
An action brought by the Securities and Exchange Commission
against National Student Marketing ("National" hereinafter)
and others for injunctive relief and an additional action
against National pending in the Southern District of New
York[1]/ are also before the Panel.  Upon the basis of the
briefs and arguments we have concluded that all eight
actions must be coordinated in a single district for
pretrial proceedings, but that the District of Columbia

---

\* Although Judges Wisdom and Lord were not present at the
hearing, they have, with the consent of all parties, partici-
pated in this decision.

1/ Joseph Kwiatkowski v. Peat, Marwick, Mitchell & Co.,
et al., S.D.N.Y., No. 72 Civ. 2107.

- 2 -

is the most appropriate transferee district for the litigation.

I.   Pending Litigation

During the period in issue National was apparently engaged in a wide range of promotional and marketing services aimed at young people and acquired several corporations engaged in similar endeavors.  A series of annual reports, audited and unaudited financial statements, press releases and other communications were issued by National during this period and utilized in connection with its acquisitions.  Plaintiffs now allege, among other things, that these statements and related communications were false and misleading and otherwise in violation of the federal securities laws.  Defendants in these actions include National and its officers and directors; National's accountant, Peat, Marwick; several attorneys and their law firms; and several brokerage houses and public relations firms.

A.   District of Columbia

The most comprehensive complaint has been filed by the Securities and Exchange Commission in the District of Columbia.  The SEC alleges that National and its officers and directors and Peat, Marwick and its employees participated in a scheme to defraud National's stockholders and others. Part of the alleged scheme involves the series of acquisitions referred to earlier.  For purposes of the present motion,

the most important of these acquisitions involved Impressions by M, Inc., acquired in April 1969; Varsity House, Inc., which exchanged its assets for National stock in October 1969; and Interstate National Corp., acquired two days after Varsity House.  In the negotiation for all these acquisitions National's Consolidated Financial Statement for the fiscal year ended August 31, 1968, was given to the acquired corporations and their stockholders.  And in both the Varsity House and Interstate dealings an unaudited report for the third quarter of 1969 was also provided by National.

The second claim asserted by the SEC relates exclusively to the Interstate acquisition and adds as defendants the attorneys who advised Interstate and National in connection with that merger.  The proxy materials mailed to the National and Interstate stockholders contained National's unaudited financial statement for the third quarter of 1969. As a condition to the merger, Peat, Marwick was asked to issue a "comfort letter" stating that it had no reason to believe that the unaudited financial statement was not prepared in accordance with generally accepted accounting principles or required any material adjustments.  The letter was also to state that National had suffered no material adverse change in its financial position after the date of the unaudited statement.  The SEC alleges that after examining National's unaudited financial statement Peat, Marwick informed National's counsel that material adjustments in the statement were required and, after the closing,

- 4 -

suggested that resolicitation of the stockholders should be
considered.  It is further alleged that National and its officers
and attorneys and the officers of Interstate and their attorneys
concealed Peat, Marwick's conclusions from public investors
and other stockholders and that false opinions were given
by the attorneys concerning the merger. [2/]

The SEC requested a permanent injunction against
future securities law violations by all defendants and a
mandatory injunction requiring the correction of past filings
with the Commission.  On the consent of the company, which
neither admitted nor denied the allegations of the complaint,
such a judgment was entered against National subsequent to
the Panel hearing in this matter.  The action is still pending
against the remaining defendants.

B.   Southern District of New York

Five actions have been filed in the Southern District
of New York by National stockholders, seeking damages for
alleged violations of the federal securities laws.  Three
of the five actions have been consolidated for trial and a
consolidated, amended complaint has been filed, naming as
defendants many of those named in the SEC action along with

---

[2/]   The SEC complaint contains two other claims, one relating
to the sale of National shares by Interstate officers before
the public was informed of Peat, Marwick's recommendations and
the other alleging that the profits of two National subsidiaries
were misreported in the Consolidated Financial Statement for
fiscal year 1969.

- 5 -

several brokerage houses and public relations firms. [3/]

Recovery is sought on behalf of a class composed of all persons who acquired the securities of National between April 1, 1965 and February 17, 1972, and were damaged by the acts of the defendants.

The allegations of the consolidated complaint are quite similar to those of the SEC. Plaintiffs assert that National's financial reports, statements, press releases and other communications were materially false and misleading, causing the price of National's stock to be artificially inflated. And one of the consolidated New York plaintiffs who acquired his National securities in the Interstate acquisition makes many allegations concerning this transaction which are said to be based on the allegations of the SEC complaint. In addition, the brokerage firms are said to have promoted National's stock when they knew or should have known its price was artificially inflated while the public relations firms are said to have written and circulated unrealistically favorable reports on National during this period.

Also pending in the Southern District of New York are the Augenstein and Kwiatkowski actions. Augenstein and several other individuals, stockholders of Impressions by M, who became National stockholders, allege that their exchange of Impressions by M stock for National stock was made in reliance

---

3/ The parties failed to inform the Panel that, at the time of the hearing on this matter, defendant White & Case had appealed from the order in the Southern District of New York consolidating the three actions. Because of this appeal the claims of the plaintiffs for relief against White & Case will not be scheduled for coordinated or consolidated pretrial proceedings at this time. These claims for relief will be immediately separated and remanded under 28 U.S.C. §1407(a) to await action on these appeals.

- 6 -

on the 1968 Consolidated Financial Statement of National and other statements of the defendants which were false, misleading and in violation of the federal law.  It is also alleged that the sale of shares to plaintiffs constituted an unregistered, non-exempt public offering and that National breached its merger agreement warranties concerning the accuracy of its financial statements and violated its agreement to deliver additional National shares to plaintiffs, contingent upon the earnings of Impressions.  The Kwiatkowski action is brought by another former stockholder of Impressions by M and is based on the Impressions acquisition, the Consolidated Financial Statement of 1968 and the alleged deception in the Interstate acquisition.

C.   Southern District of Ohio

The Monroe action in the Southern District of Ohio is brought by the former officers and directors of Varsity House against Peat, Marwick.  They allege that the Consolidated Financial Statement for 1968 and the unaudited financial statements of National for the third quarter of 1969 were false and misleading and that Peat, Marwick aided and abetted others in misrepresenting National's financial condition at the time of the Varsity House acquisition, in violation of the federal securities laws.  And it appears that plaintiffs have served interrogatories on Peat, Marwick requesting information concerning financial statements and other information for the years 1968 to 1970, including information relating to the Interstate acquisition.

- 7 -

D.   <u>Northern District of Texas</u>

The remaining action, filed in the Northern District
of Texas by an investor in National's securities, alleges that
Peat, Marwick, the sole defendant, issued financial reports for
National which contained material misrepresentations and omissions.
No class allegations are contained in the complaint.

II.   <u>Private Actions</u>

The seven stockholder cases are clearly appropriate
for coordinated pretrial proceedings.  Common questions of fact
are raised concerning National's acquisitions and, more parti-
cularly, concerning National's financial statements, press releases
and other oral and written communications.  Discovery in each
case will cover much of the same ground and the convenience
of the parties and witnesses and the just and efficient conduct
of the litigation require that all pretrial activity be supervised
by a single judge.

The only opposition to the transfer of these cases for
pretrial proceedings comes from the plaintiffs in the <u>Monroe</u> and
<u>Augenstein</u> actions.  The Monroe plaintiffs assert that their
action involves only the Varsity House acquisition and would
become needlessly protracted if included for coordinated
pretrial with actions involving other acquisitions of National
and other allegedly illegal conduct.  As we have noted,

- 8 -

however, the question of the correctness of National's Consoli-
dated Financial Statement of 1968 is involved in all of these
cases and similar questions concerning the unaudited financial
statement for the third quarter of 1969 are also raised in
many of the cases.   In order to prove their allegations the
Monroe plaintiffs will necessarily explore the same factual
background as the consolidated New York plaintiffs, Augenstein
and the other plaintiffs.

   A similar argument is presented by the Augenstein
plaintiffs.   They concede that certain of their claims raise
questions of fact common to the other actions, but they assert
that their contentions that National violated the terms of
the Impressions by M merger agreement and that their receipt
of National shares was an unregistered, non-exempt public
offering are not common to any other action.   They argue that
because of these non-common claims their action should be
excluded from coordinated pretrial proceedings or only
the common claims transferred.   We do not agree.   The common
questions raised by the Augenstein complaint are substantial
and the non-common questions of fact involve the same parties
as and are closely related to the common issues.   For this reason
we think it best to include the entire action in the coordinated
pretrial proceedings.   The transferee judge, with the assistance
of the parties, will then be free to develop a pretrial schedule
which will assure the prompt development of common factual

- 9 -

areas and make such arrangements for the individual needs of
the Augenstein plaintiffs as seems appropriate.

III.   The SEC Action

The SEC is opposed to the inclusion of its actions
in coordinated pretrial proceedings pursuant to 28 U.S.C.
§1407.   It contends that the purpose of its action is to
secure prompt injunctive relief in order to protect the
public from continuing violations of the securities laws and
that this purpose will be frustrated by making the action
part of the coordinated pretrial proceedings.   In this case,
as noted above,this injunctive relief has been granted by
consent judgment.   Further, the SEC suggests that the same
considerations which led to the enactment of 28 U.S.C.
§1407(g),$\underline{4/}$ exempting from transfer government actions for
injunctive relief under the antitrust laws, require the Panel
to exempt its action for coordinated or consolidated pretrial
proceedings.   We think the SEC action is an integral part of
this litigation and that it should be included in the coordi-
nated pretrial proceedings.

We do not believe, and we do not understand the SEC
to contend, that the statute can be construed to exempt from

---

4/   28 U.S.C. §1407(g) provides:
　　　Nothing in this section shall apply to any action in
　　which the United States is a complainant arising under
　　the antitrust laws.   'Antitrust laws' as used herein
　　include those acts referred to in the Act of Oct. 15,
　　1914, as amended (38 Stat. 1526; 15 U.S.C. 13, 13a,
　　and 13b) and the Act of Sept. 26, 1914, as added
　　March 21, 1938 (52 Stat. 116, 117; 15 U.S.C. 56); but
　　shall not include section 4A of the Act of Oct. 15,
　　1914, as added July 7, 1955 (69 Stat. 282; 15 U.S.C.
　　15a).

- 10 -

coordinated pretrial proceedings all injunctive actions
instituted by a government agency to enforce a remedial statute
in the public interest.  The basic purpose underlying the
enactment of 28 U.S.C. §1407 was to secure, in multidistrict
civil litigation as in all other civil litigation, the "just,
speedy and inexpensive determination of every action." Fed. R.
Civ. P. 1.  The draftsmen were aware that the impact of coordi-
nated pretrial proceedings under the statute would extend beyond
the antitrust area into any area where actions pending in dif-
ferent districts raised common issues of fact,[5/] but no attempt
was made, other than that contained in Section 1407(g), to limit
the civil actions subject to such proceedings.  It would be
violative of the basic statutory purposes for us now to read
such an exception into the statute.

        The SEC does contend, however, that including its action
in the coordinated pretrial proceedings will not further the
just and efficient conduct of the litigation.  More specifically,
the SEC notes that the disposition of the class action question
in the private cases will require the prompt attention of the
court and will inevitably delay proceedings in its action.  The
SEC asserts that its complaint is based upon an investigation
pursuant to its statutory powers and that much of its discovery
has been completed in this manner while relatively little discovery
has been accomplished in the private actions.  In a paper filed

_____

5/  Hearings on S. 3815 before the Subcomm. on Improvements in
Judicial Machinery of the Senate Comm. on the Judiciary, 89th
Cong., 2d Sess. 5, 6, 17, 53 (1966); H.R. Rep. No. 1130, 90th
Cong., 2d Sess. 3 (1968).

- 11 -

subsequent to the hearing in this matter, the SEC indicated
its belief that no more than ninety days should be required to
prepare its case for trial against the remaining defendants.
Certain of those defendants have taken issue with this proposal,
suggesting that a substantially longer period would be needed
for them to prepare for trial.

As the SEC concedes, in determining whether transfer
is appropriate, we must "weigh the interests of all of the
plaintiffs and all of the defendants and must consider multiple
litigation as a whole in light of the purpose of the law."  In
re Childrens' Books Litigation, 297 F. Supp. 385, 386 (J.P.M.L.
1968).  Upon this basis we believe that the just and efficient
conduct of all actions would be furthered by including the SEC
action in pretrial proceedings.  The SEC has conceded the
existence of common questions of fact in these actions and has
indicated its intention to seek further discovery from the
defendants.  It also appears that the defendants will wish to
engage in a substantial amount of discovery before they are
ready for trial.  The benefits of coordinated pretrial pro-
ceedings are obvious on these facts.  It is also probable
that questions will be raised by the private plaintiffs con-
cerning access to the SEC transcripts of testimony and related
exhibits collected in its investigations of this matter which
the SEC intends to make available to the defendants in its
action.  These questions can best be resolved by assigning
both the private and the SEC cases to a single judge.

We do not find the SEC's assertion of possible delay

- 12 -

a sufficient counter-balance to the advantage of consolidation
for we think it ignores the flexibility inherent in coordinated
or consolidated pretrial proceedings.  The transferee judge
in this litigation will be free to tailor a pretrial schedule
to fit the needs of the individual actions, and with the
assistance of the parties, and day-to-day contact with the
litigation, he will be able to gauge the extent of coordination
appropriate between the SEC and the private cases.  There is
no reason why the decision of the class action question or
the discovery necessary in the private actions should unneces-
sarily delay the SEC in preparing for trial against the
remaining defendants.

IV.    <u>Transferee District</u>

       The only remaining question concerns the appropriate
transferee district for this litigation.  Peat, Marwick,
the movant, requests transfer of all actions to the Southern
District of New York, asserting that more defendants are
located there than in any other district, that many of
National's documents are located there and that the Interstate
acquisition occurred in that district.  New York plaintiffs
and various other defendants also urge selection of New York.

       We find the arguments in favor of the District of
Columbia more persuasive.  In the years in issue the business
of National was conducted largely through its Washington, D. C.
offices, and it was the Washington, D. C. office of Peat,
Marwick that provided the necessary accounting services

- 13 -

to National.  Many of the accounting personnel of National and
Peat, Marwick are said to reside in the Washington, D. C. area
while the defendants located in New York are primarily the
broker dealers, who are alleged by consolidated New York plaintiffs
to have promoted National's stock in an illegal manner.  As
the SEC contends, this broker claim is a secondary one and,
in any event, these defendants will not be greatly inconvenienced
by assigning the cases to the District of Columbia rather than
New York.

A comparison of the respective dockets in the two
proposed transferee districts also indicates the desirability
of transfer to the District of Columbia.  The 1972 Annual Report
of the Administrative Office of the United States Courts shows
that the number of pending civil cases decreased more than
eighteen percent in the District of Columbia during fiscal 1971,
while the Southern District of New York experienced an increase
of one percent in its pending civil actions.  Annual Report of
the Director of the Administrative Office of the United States
Courts (1972), Table 20.  Even more significantly, the median
time interval from issue to trial in civil cases was eighteen
months in the District of Columbia but twenty-seven months
in the Southern District of New York.  Id., Table 45b.

IT IS THEREFORE ORDERED that all actions on the
attached Schedule A pending in districts other than the
District of Columbia be, and the same hereby are, transferred
to the District of Columbia and, with the consent of that court,



- 14 -

assigned to the Honorable Barrington D. Parker for coordinated
or consolidated pretrial proceedings with the action pending
there pursuant to 28 U.S.C. §1407.

IT IS FURTHER ORDERED that, in view of the pendency
of the appeal of defendant White & Case from an order of the
Southern District of New York, the claims against White & Case
asserted in the actions listed on Schedule B be separated and
remanded so that those claims will not be transferred at this
time, and only the claims asserted in those actions against
defendants other than White & Case are presently transferred
to the District of Columbia and, with the consent of that court,
assigned to the Honorable Barrington D. Parker for coordinated
or consolidated pretrial proceedings, pursuant to 28 U.S.C.
§1407, with the actions heretofore transferred and pending
in that district.

SCHEDULE A                                        DOCKET NO. 105

### SOUTHERN DISTRICT OF NEW YORK

Morton Augenstein, et al. v.          Civil Action
National Student Marketing Corp.      No. 72 Civ. 1606

Joseph Kwiatkowski v. Peat, Marwick,  Civil Action
Mitchell & Co., et al.                No. 72 Civ. 2107

### SOUTHERN DISTRICT OF OHIO

Michael Monroe, et al. v. Peat, Marwick, Civil Action
Mitchell & Co.                        No. 71-309

### DISTRICT OF COLUMBIA

Securities and Exchange Commission    Civil Action
v. National Student Marketing Corp.,  No. 225-72
et al.

### NORTHERN DISTRICT OF TEXAS

B. Vernon Roberts v. Peat, Marwick,   Civil Action
Mitchell & Co.                        No. CA-3-5782

SCHEDULE B                          DOCKET NO. 105

### SOUTHERN DISTRICT OF NEW YORK

Mildred Lipsig, et al. v. National        Civil Action
Student Marketing Corp., et al.           No. 70 Civ. 2006

Louis Garber v. Cortes W. Randell,        Civil Action
et al.                                    No. 70 Civ. 835

Domenick L. Natale v. National            Civil Action
Student Marketing Corp., et al.           No. 72 Civ. 721

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE NATIONAL STUDENT          )
MARKETING LITIGATION            )          DOCKET NO. 105

CONCURRING OPINION

———————————

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH
S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

———————————

WEIGEL, J., Concurring

The salutary benefits of coordinated or consolidated

pretrial proceedings, provided for by 28 U.S.C. §1407, should

not be denied to litigants in cases brought by the SEC. No-

thing in the statute itself supports a different view.  Its

first sentence speaks of "civil actions involving one or more

common questions of fact pending in different districts".

The language is not limited to some of those actions nor does

it elsewhere or otherwise except actions initiated by the SEC.

The sole legislative exemption is accorded to actions brought

by the United States in antitrust cases.  28 U.S.C. § 1407(g).

Whether a particular SEC action warrants transfer must be

judged by the criteria designated in §1407, i.e., will transfer

- 2 -

serve "the convenience of parties and witnesses" and "the just and efficient conduct of [civil] actions"?  Thus, for example, if an SEC action is close to trial, that is a fact which properly may cause the Panel to deny it transfer with other cases which are far from trial.  See, e.g., In re Glenn W. Turner Enterprises Litigation, (JPML, Docket No. 109); In re King Resources Company Securities Litigation, 342 F. Supp. 1183, n.13 (JPML, 1972).  Such a denial would be proper only if in the interest of promoting just and efficient conduct of the action, not because it is an SEC action.  If we deny transfer on the latter ground, we invoke a standard neither delineated nor suggested in the statute empowering us to act.

Under his dissent, my brother Judge Weinfeld would, in effect, jettison the majority's case-by-case method of determination on standards expressed in the statute in favor of giving special treatment to SEC cases based largely, if not solely, upon the nature and motivation of the government agency. Perhaps this is desirable, but it is for Congress, not this court, to make that decision.  There is no legislative history to suggest any such legislative decision.  On the contrary, the fact that Congress limited exemptions of government actions to those for injunctive relief under the antitrust laws (§1407(g))

- 3 -

strongly implies that Congress intended to exclude other

exceptions.  Expressio unius est exclusio alterius.  Rybolt v.

Jarrett, 112 F.2d 642, 645 (4th Cir. 1940).

Concern that the public interest will be jeopardized

by delays occasioned by the transfer of SEC actions with

private actions seems to me to underestimate the power and

capacity of transferee judges.  Whatever beneficial public

interest is served by giving priority to SEC discovery can

be protected by the exercise of their broad powers.  Indeed,

a transferee judge is in a better position than are we to

decide such questions.  His assessment, based upon the operative

realities at the trial court level, can best strike the proper

balance between whatever priority may be justified by the

public interest aspects of SEC civil actions, on the one hand,

and, on the other, service to the salient objectives of §1407.

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JE 29 1973

IN RE NATIONAL STUDENT        )        DOCKET NO. 105
MARKETING LITIGATION          )

DISSENTING OPINION

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF
THE PANEL

EDWARD WEINFELD, JUDGE OF THE PANEL, DISSENTING:

I dissent insofar as the SEC action is ordered

included in the coordinated pretrial proceedings.  The

objective of that action is different from those of the

private litigations.  Basically, the SEC action seeks to

protect the public interest by enjoining alleged continued

violation of the securities acts. [1]  .  As a matter of general

policy, it is undesirable that SEC actions for injunctive

relief, whose sole purpose is the expeditious safeguarding

of the public interest, be subjected to the delays that are

inherent in private litigations, with their different concerns,

even where those private actions parallel the SEC complaints.

In many cases, the Commission's use of its subpoena power

has substantially developed the essential facts required

to support its application to the courts for equitable relief;

[1] Cf. SEC v. Ralston Purina Co., 346 U.S. 119, 124 (1953);
A.C. Frost & Co. v. Coeur D'Alene Mines Corp., 312 U.S. 38,
40 (1941); Berko v. SEC, 316 F.2d 137, 141 (2d Cir, 1963).

- 2 -

therefore, the need for further discovery is minimal and vastly
different from those who allege private injury and seek money
damages.  To lump the SEC action with the private lawsuits
would result in a slowdown in its effort to protect the public;
it would defeat rather than "promote the just and efficient
conduct" of the SEC litigation.  With due deference to the
majority, it is unrealistic to suggest that "there is no reason
why the decision of the class action question or the discovery
necessary in the private actions should unnecessarily delay
the SEC in preparing for trial against the remaining defendants."
Ofttimes the delay and postponement suit the purpose of the private
litigant whose sole interest is a financial recovery.  In this
very case the record shows that the Commission has moved with
expedition and dispatch, whereas a leisurely pace has charac-
terized most of the private lawsuits.  Finally, for the Panel
to adopt a general policy (which of course permits exceptions
in unusual situations) which would recognize the role of the
SEC in protecting the public interest in no respect would offend
any Congressional purpose.  The legislative history of §1407(a)
indicates that no consideration was given to exempting the SEC
from its provisions.  In that circumstance, there is no basis
for a claim that "It would be violative of the basic statutory
purpose for us now to read such an exception into the statute"
The courts have frequently, in the exercise of their equity
powers, and in the public interest, adopted policies adequate
to the occasion.

Entirely apart from general policy considerations,



- 3 -

an additional reason for nonconsolidation is that since the
argument of the motion before this Panel an injunction has been
entered against National Student Marketing upon its consent and
the SEC case is in posture to go forward for an early trial,
which is not the case in the instance of the private lawsuits.
Cf. In re Grain Shipments, 300 F. Supp. 1402, 1405 (J.P.M.L.
1969); In re Protection Devices and Equipment and Central Station
Protective Service Antitrust Cases, 295 F. Supp 39 (J.P.M.L.
1968).  The result reached in the present case is inconsistent
with that reached in the King Resources litigation, where the
Panel declined to consolidate a related action brought by the SEC
because of its "advanced stage of preparation."  In re King
Resources Company Securities Litigation, 342 F. Supp. 1183, n. 13.

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE NATIONAL STUDENT            )
MARKETING LITIGATION              )        DOCKET NO. 105

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF
THE PANEL

PER CURIAM

Three of the actions in this litigation, originally

filed in the Southern District of New York and subsequently

transferred under 28 U.S.C. §1407 to the District of Columbia

for coordinated or consolidated pretrial proceedings, contained

claims against White & Case, a well-known New York law firm. [1]

At the time of the Panel hearing concerning transfer of this

litigation, defendant White & Case had appealed an order entered

in the Southern District of New York consolidating the three actions

for pretrial purposes.  Because of the pendency of the appeal,

only the claims asserted in those three actions against defendants

other than White & Case were transferred by the Panel to the

---
[1]    Mildred Lipsig, et al. v. National Student Marketing Corp.,
et al., S.D.N.Y., Civil Action No. 70 Civ. 2006; Louis Garber
v. Cortes W. Randell, et al., S.D.N.Y., Civil Action No. 70 Civ.
835; and Domenick L. Natale v. National Student Marketing Corp.,
et al., S.D.N.Y., Civil Action No. 72 Civ. 721

- 2 -

District of Columbia and assigned to the Honorable Barrington
D. Parker for pretrial proceedings; the plaintiffs' claims for
relief against White & Case were separated from the Order of
transfer and remanded to New York pursuant to Section 1407(a).
In re National Student Marketing Litigation, ___F.Supp.___
(J.P.M.L., filed Jan. 29, 1973).

On remand from the Court of Appeals for the Second
Circuit, the New York district court denied White & Case's motion
for severance. [2/]   Plaintiffs' claims against White & Case are
now ripe for transfer under Section 1407 to the District of
Columbia for inclusion in the coordinated or consolidated
pretrial proceedings before Judge Parker.

As we indicated in our initial opinion and order in
this litigation, supra, the factual basis of the claims against
White & Case largely relate to the events culminating in a merger
between National Student Marketing and Interstate National
Corporation.  Since the facts surrounding this transaction are
also involved in the consolidated proceedings, plaintiffs' claims
against White & Case must be transferred to the District of
Columbia in order to avoid duplication of discovery and unneces-
sary inconvenience to the parties and witnesses.

---

[2/]   Garber v. Randell, Civil Action No. 70 Civ. 835 (S.D.N.Y.,
       filed Feb. 14, 1973)

- 3 -

IT IS THEREFORE ORDERED that the claims against
White & Case asserted in <u>Mildred Lipsig, et al. v. National
Student Marketing Corp., et al.</u>, S.D.N.Y., Civil Action No.
70 Civ. 2006; <u>Louis Garber v. Cortes W. Randell, et al.</u>, S.D.N.Y.,
Civil Action No. 70 Civ. 835; and <u>Domenick L. Natale v. National
Student Marketing Corp., et al.</u>, S.D.N.Y., Civil Action No.
72 Civ. 721, be, and the same hereby are, transferred to the
District of Columbia and assigned to the Honorable Barrington D.
Parker for coordinated or consolidated pretrial proceedings,
pursuant to 28 U.S.C. §1407, with the actions heretofore trans-
ferred  and pending in that district.



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
DEC -1 1972

PATRICIA D. HOWARD
CLERK OF THE PANEL

THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

DOCKET NO. 105 -- IN RE NATIONAL STUDENT MARKETING LITIGATION

ORDER

The Panel having found, upon the basis of the papers sub-
mitted and the hearing held, that the actions listed on the
attached Schedules A and B involve common questions of fact
and that transfer of these actions to a single district for
coordinated or consolidated pretrial proceedings would serve
the convenience of the parties and witnesses and would further
the just and efficient conduct of the litigation,

IT IS ORDERED that all actions on the attached Schedule A
pending in districts other than the District of Columbia be,
and the same hereby are, transferred to the District of Columbia
and, with the consent of that court, assigned to the Honorable
Barrington D. Parker for coordinated or consolidated pretrial
proceedings with the action pending there pursuant to 28 U.S.C.
§1407.

IT IS FURTHER ORDERED that, in view of the pendency of the
appeal of defendant White & Case from an order of the Southern
District of New York, the claims against White & Case asserted
in the actions listed on Schedule B will not be transferred at
this time and only the claims asserted in those actions against
defendants other than White & Case are transferred to the Dis-
trict of Columbia and, with the consent of that court, assigned
to the Honorable Barrington D. Parker for coordinated or consoli-
dated pretrial proceedings, pursuant to 28 U.S.C. §1407, with
the actions pending in that district.

A full opinion and order will be filed hereafter.

FOR THE PANEL:

_____
Alfred P. Murrah
Chairman

DOCKET NO. 105                    SCHEDULE A


### SOUTHERN DISTRICT OF OHIO

Michael Monroe, et al. v. Peat, Marwick,        Civil Action
Mitchell & Co.                                  No. 71-309


### NORTHERN DISTRICT OF TEXAS

B. Vernon Roberts v. Peat, Marwick,             Civil Action
Mitchell & Co.                                  No. CA-3-5782


### DISTRICT OF COLUMBIA

Securities & Exchange Commission v.             Civil Action
National Student Marketing Corp., et al.        No. 225-72

DOCKET NO. 105                        SCHEDULE B


### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mildred Lipsig, et al. v. National Student Marketing Corp., et al. | Civil Action No. 70 Civ. 2006 |
| Louis Garber v. Cortes W. Randell, et al. | Civil Action No. 70 Civ. 835 |
| Domenick L. Natale v. National Student Marketing Corp., et al. | Civil Action No. 72 Civ. 721 |
| Morton Augenstein, et al. v. National Student Marketing Corp. | Civil Action No. 72 Civ. 1606 |
| Joseph Kwiatkowski v. Peat, Marwick, Mitchell & Co., et al. | Civil Action No. 72 Civ. 2107 |

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAY -9 1973

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE NATIONAL STUDENT          )
MARKETING LITIGATION            )          DOCKET NO. 105

OPINION AND ORDER
_____

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL,
JUDGES OF THE PANEL
_____

PER CURIAM

      Three class and derivative suits in this litigation

were originally filed by stockholders of National Student

Marketing Corp. in the Southern District of New York.[1]  The

district court ordered the three actions consolidated for

pretrial purposes and directed the plaintiffs to file a

consolidated amended complaint.  That complaint contained

claims against White & Case, a well-known New York law firm,

and at the time of the Panel hearing concerning transfer of

this litigation, defendant White & Case had appealed from the

consolidation order entered by the district court.  Because of

the pendency of the appeal, only the claims asserted in the

three consolidated actions against defendants other than

White & Case were transferred by the Panel under 28 U.S.C. §1407

_____

[1]    Mildred Lipsig, et al. v. National Student Marketing Corp.,
et al., S.D.N.Y., Civil Action No. 70 Civ. 2006; Louis Garber
v. Cortes W. Randell, et al., S.D.N.Y., Civil Action No. 70 Civ.
835; and Domenick L. Natale v. National Student Marketing Corp.,
et al., S.D.N.Y., Civil Action No. 72 Civ. 721

- 2 -

to the District of Columbia and assigned to the Honorable

Barrington D. Parker for coordinated or consolidated pretrial

proceedings; the claims for relief against White and Case

were separated from the order of transfer and remanded to

New York pursuant to Section 1407(a).   In re National Student

Marketing Litigation, ___ F. Supp. ____(J.P.M.L., filed

Jan. 29, 1973).

Shortly thereafter the Court of Appeals for the

Second Circuit stayed any action on the appeal in order to

provide the district court time to consider White & Case's motion

for severance.  The New York district court denied the motion

for severance[2/] and White & Case appealed.  The Second Circuit

reinstated White & Case's appeal from the district court's

consolidation order and consolidated it with White & Case's

appeal from the denial of the severance motion.[3/]   The

appellate court reversed the consolidation order insofar as

it directed the filing of a consolidated complaint against

White & Case and in all other respects affirmed both orders.

The claims asserted against White & Case in the Southern

District of New York are now ripe for transfer under Section

1407 to the District of Columbia for inclusion in the

---

2/    Garber v. Randell, Civil Action No. 70 Civ. 835 (S.D.N.Y.
filed Feb. 14, 1973)

3/    Garber v. Randell, Docket Nos. 72-1820, 73-1339 (2d Cir.,
filed April 9, 1973)

- 3 -

coordinated or consolidated pretrial proceedings before Judge
Parker.4/

As we indicated in our initial opinion and order in
this litigation, supra, the factual basis of the claims against
White and Case largely relate to the events culminating in a
merger between National Student Marketing and Interstate National
Corporation.  Since the facts surrounding this transaction are
already involved in the coordinated or consolidated proceedings,
the claims against White & Case must be transferred to the
District of Columbia in order to avoid duplication of discovery
and unnecessary inconvenience to the parties and witnesses.
Unless terminated in the transferee court by valid judgment,
including but not limited to summary judgment, judgment of
dismissal and judgment upon stipulation, or ordered transferred
by the transferee judge to the transferee or other district
under 28 U.S.C. §1404(a),5/ the claims against White and Case
shall be remanded by the Panel at the conclusion of the common
discovery and other pretrial proceedings to the Southern District
of New York for trial on the merits.

---

4/    The Court of Appeals for the Second Circuit found that
the claims asserted against White and Case in the consolidated
complaint were stated on behalf of only one of the plaintiffs,
Domenick L. Natale.  It ordered upon remand that the separate
Natale complaint be reinstated.  It thus appears that the only
claims in the three actions not already transferred under
Section 1407 to the District of Columbia are Natale's claims
against White and Case.



5/    Rule 15(a),(b), Rules of Procedure of the Judicial Panel
on Multidistrict Litigation, 55 F.R.D. LI (1972).

- 4 -

IT IS THEREFORE ORDERED that the claims against White & Case asserted in <u>Domenick L. Natale v. National Student Marketing Corp., et al.</u>, S.D.N.Y., Civil Action No. 72 Civ. 721, be, and the same hereby are, transferred to the District of Columbia and, with the consent of that court, assigned to the Honorable Barrington D. Parker for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. §1407, with the actions heretofore transferred and pending in that district.